IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAY A. GEORGE, d/b/a : | |
| GCS GEORGE COURIER SERVICE, : | |
|     Plaintiff : | Civil Action No. 1:08-cv-02113 |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| BOISE CASCADE CORP./OFFICE MAX, : | |
|     Defendants : | |

**MEMORANDUM ORDER**

Before the Court are Plaintiff's objections to Magistrate Judge Smyser's Report and Recommendation. (Doc No. 14.) For the reasons that follow, the Court will decline to adopt the Report and Recommendation and allow the case to proceed as filed.

**I. BACKGROUND**

On November 21, 2008, Plaintiff Ray A. George, President of George Courier Service ("GCS"), filed suit against Defendant Boise Cascade Corporation/Office Max ("Office Max"), seeking $10 million in relief for injuries allegedly caused by Office Max's breach of contract and violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-68.

Office Max is a national office supply corporation, and GCS was a Harrisburg-based trucking distribution company that employed approximately fourteen people.[1] (Doc. No. 1-3 at 3.) In April 2004, the Pennsylvania Department of General Services awarded a large office supply contract ("Commonwealth Contract") to Office Max, provided that Office Max select a Pennsylvania Disadvantaged Business Enterprise ("DBE") to support the Commonwealth

---

[1] GCS is no longer in business. Allegedly, the closing was due at least in part to Office Max's actions in breaching its contract with GCS.

1

Contract.[2] GCS, owned by Plaintiff Ray George, was selected as the DBE. (Doc. No. 1 at 4.) Pursuant to a three-year contract between GCS and Office Max ("Subcontract"), GCS was to receive between 37.5 to 45 percent of the revenue Office Max received from the Commonwealth Contract. (Doc. No. 8 at 2.) GCS alleges that Office Max breached the Subcontract by paying it only $954,936 despite the 38.5 million dollar income it received from the Commonwealth Contract. (Id. at 2.) On April 22, 2005, GCS advised Office Max that it considered Office Max to be in breach of the Subcontract since GCS had received closer to three percent of the Commonwealth Contract revenue than the promised 45 percent. (Doc. No. 1-3 at 7.) Yet, Office Max's alleged noncompliance continued. As a result of Office Max's noncompliance with the Commonwealth Contract, GCS terminated the Subcontract, effective January 1, 2007. (Doc. No. 1-3 at 11.) Ray A. George, proceeding *pro se*, filed suit on November 21, 2008. (Doc. No. 1.)

On January 9, 2009, Magistrate Judge Smyser granted Plaintiff's motion for leave to proceed *in forma pauperis*, but directed Plaintiff to file an amended complaint because the initial complaint failed to state a claim upon which relief could be granted. (Doc. No. 6.) Plaintiff made another filing, labeled "Amended Civil Cover Sheet" on January 13, 2009. (Doc. No. 8.) The filing consisted of a civil cover sheet and a copy of a four page letter addressed to William VanHole, Associate General Counsel at Office Max. (Id.) On February 10, 2009, Magistrate Judge Smyser issued a Report and Recommendation concluding that the filing was insufficient to constitute an amended complaint and recommending dismissal of the case. (Doc. No. 10.) After seeking a thirty-day extension, Plaintiff filed objections to the Report and Recommendation,

---

[2]Governor Rendell initiated a program aiming to ensure that businesses owned by women or minorities receive at least ten percent of the state's contracts for goods and services. (Doc. No. 14 at 24.)

which are now before the Court for disposition. (Doc. No. 14.)

## II. DISCUSSION

When a party makes timely and specific objections to a report and recommendation of a magistrate judge, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3; Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). While Plaintiff has timely filed a document describing itself as "objections to the Report and Recommendation," Plaintiff's filing does not "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." M.D. Pa. L.R. 72.3; Doc. No. 10-2 at 1. The filing adds "facts, issues, precedents, and opinions" to augment the complaint but does not contain arguments in response to the Report and Recommendation, making the intent of the filing unclear. (Doc. No. 14 at 1.) The Court notes that while the additional facts submitted in response to the Report and Recommendation do speak to Plaintiff's RICO claim, the opportunity to object to a Magistrate Judge's Report and Recommendation is not an opportunity file a second amended complaint. See e.g., Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round."). Having already filed one amended complaint, Plaintiff must seek leave of the Court to file a second amended complaint if he desires the facts and exhibits submitted in his objections to be considered part of his complaint. See Fed. R. Civ. P. 15.

3

Liberally interpreting Plaintiff's *pro se* pleading as objections requiring *de novo* consideration of the Report and Recommendation, the Court turns now to the merits of the Report and Recommendation. United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999); Haines v. Kerner, 404 U.S. 519, 520 (1972). As Magistrate Judge Smyser stated, the *in forma pauperis* statute requires the Court to dismiss the case if it appears that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Magistrate Judge Smyser found that the initial complaint failed to allege facts sufficient to support a RICO claim. Magistrate Judge Smyser then allowed Plaintiff thirty days to amend his complaint to include additional facts and support. Plaintiff was also warned that failure to do so might result in dismissal of his complaint. (Doc. No. 6.) In response, Plaintiff did not file a new complaint containing additional statement of facts or allegations. Rather, Plaintiff filed a new civil cover sheet and attached a letter written by a third party to Defendant's Associate General Counsel. (Doc. No. 8.) Even considering the latitude given to *pro se* plaintiffs unfamiliar with the law, a letter written by a non-party prior to the start of the suit cannot in itself constitute a complaint under the Federal Rules of Civil Procedure, which require a plaintiff to set forth, in short and plain statements and numbered paragraphs, the facts which support the claims alleged. See Fed. R. Civ. P. 8, 10. Upon consideration of the initial complaint and amended complaint, Magistrate Judge Smyser recommended that the case be dismissed.

Though the Court does not disagree with Magistrate Judge Smyser's assessment of the RICO claim, the Court declines to adopt the Report and Recommendation because the initial complaint, when liberally construed, does state a breach of contract claim sufficient for this stage in the proceedings. Plaintiff has also adequately pleaded diversity jurisdiction: he designates

himself as a Pennsylvania Citizen[3], Defendant as incorporated and with its principal place of business outside Pennsylvania, and prays for damages in an amount over $75,000. Though the civil cover sheet indicates that the nature of the suit is a RICO claim, Plaintiff clearly also demonstrates an intent to bring a breach of contract claim. Accordingly, the case cannot be dismissed.

**AND NOW**, this 14th day of October 2009, **IT IS HEREBY ORDERED** that for the reasons set forth herein, the Report and Recommendation is not adopted. The Marshal is directed to serve the complaint on Defendant Boise Cascade Corp./Office Max as provided in Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that this case is referred back to Magistrate Judge Smyser for further proceedings.


  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3]Given that Plaintiff uses the "we" construction and alternates between designating himself, Ray A. George, and GCS as the plaintiff, it is unclear whether George is representing only his own rights or intends to also assert the rights of his company through this litigation. The Court notes, without taking a position, that some courts have held that a company "may not appear *pro se* but rather must be represented by counsel." Omega Consulting v. Farrington Mfg. Co., 604 F. Supp. 2d 684 (S.D.N.Y. 2009); 28 U.S.C. § 1654.