```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RAY A. GEORGE dba              : **CIVIL NO: 1:08-CV-02113**
GCS GEORGE COURIER SERVICE,    :
                               :(Magistrate Judge Smyser)
                               :
         Plaintiff             :
                               :
     v.                        :
                               :
                               :
BOISE CASCADE CORP./OFFICE MAX,:
                               :
         Defendant             :
```

## MEMORANDUM AND ORDER

On November 1, 2010, a Memorandum and Order (doc. 41) was entered denying the plaintiff's motion for the appointment of counsel and granting the motion of the defendant for summary judgment. Judgment (doc. 42) in favor of the defendant and against the plaintiff was entered. The factual basis, legal basis and rationale underlying the court's ruling will not be set forth herein, and the earlier Memorandum and Order are incorporated into this Memorandum and Order.

The plaintiff has filed a motion (doc. 43) for leave of court to file an amended complaint and motions (docs. 45 and 46) for reconsideration of the Order of November 1, 2010 (doc.

41) granting the defendant's motion for summary judgment and denying the plaintiff's motion for the appointment of counsel. Briefs in support of these motions were not filed. Briefs (docs. 47, 48 and 49) in opposition were filed by the defendant on November 16, 2010.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a motion for reconsideration when there exists: (1) an intervening change in the controlling law, (2) new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Howard Hess Dental Labs Inc. v. Dentsply Intern., Inc.,* 602 F.3d 237, 251 (3d Cir. 2010). Mere disagreement with the court does not translate into a clear error of law or fact. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's*

2

*Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

The court addressed in the Memorandum and Order both the contract between the Commonwealth and defendant OfficeMax and the contract between OfficeMax and the plaintiff. The court found there to be no genuine dispute as to the issues of fact involved in the material question whether the defendant had breached its contract with the plaintiff, and the plaintiff in these motions for reconsideration and motion to amend the complaint does not contest the court's finding. The court held under the undisputed facts that the defendant had not breached its contract with the plaintiff, and the plaintiff does not in the current motions contest the court's holding.

The court in the Memorandum and Order based a determination that the plaintiff does not have a right to recover from the defendant on a theory that the plaintiff is a third party beneficiary under the contract between the

3

Commonwealth of Pennsylvania and OfficeMax upon the basis that a party contracting with a governmental body will not be held liable to a third party in the event of a breach unless there is language in the contract giving rise to such liability of the contracting party and upon the basis that there is not any such language in the contract between the Commonwealth and OfficeMax. The plaintiff in the current motions does not assert that the court made an error in either the legal basis or the factual basis for this determination. The plaintiff merely reiterates that the parties to the agreement intended to make him a beneficiary of the agreement and expressed an amount that they intended for the Disadvantaged Business Enterprise(s) performing services under the contract to receive that was far more than the plaintiff received even though his company was the only Disadvantaged Business Enterprise that was a subcontractor for the defendant in performing work under the contract between the Commonwealth and OfficeMax.

The plaintiff's motion for reconsideration addresses both the decision of the court to grant summary judgment for the defendant and the decision of the court to deny the motion of the plaintiff for the court to appoint counsel to represent

4

the plaintiff.  We do not find the standard for granting a motion for reconsideration to be met here as to either of these rulings.  The motions for reconsideration will accordingly be denied.

The plaintiff's motion for leave of court to file an amended complaint contains the same assertions as in the motions for reconsideration, that the contract between the Commonwealth and OfficeMax plainly envisioned and intended that the Disadvantaged Business Enterprise(s) under the contract were to receive a much higher amount of the anticipated gross contractual payment from the Commonwealth to OfficeMax than the plaintiff's company, which was specifically mentioned by the contracting parties in announcing the contract and which was in fact the only DBE with which OfficeMax subcontracted under the contract as it turned out, in fact received.  The pivotal point of law in the court's ruling, that there was no agreement in the main contract of potential liability of OfficeMax to a DBE apart from a breach of any subcontract(s), is not refuted by the plaintiff.  An amended complaint would be futile.

**IT IS ORDERED** that the plaintiff's motions for reconsideration and for leave to file an amended complaint (docs. 43, 45 and 46) are **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: